REQUESTED BY: Dear Senator Kremer:
You ask whether or not section 77-1355, R.S.Supp., 1978, as amended by LB 1, section 1, Eighty-Fifth Legislature, First Special Session, 1978, would take precedence over LB 26. We believe that there is not an inherent conflict between the existing statute, section 77-1355 as amended and the proposed Legislative Bill 26.
Section 77-1355, provides, in essence, that a political subdivision authorized to levy an ad valorem tax when determining the budget to be funded by an ad valorem tax may increase that portion of the budget for the upcoming fiscal year not to exceed more than 7% of the current year's budget or the average increase by percentage of the three preceding budgets, which ever is greater. It should be pointed out that what section 77-1355 as amended limits is a budget increase not to exceed 7% or the average increase by percentage of the previous three budgets. Section 77-1355 does not limit the rate of the ad valorem tax. However, the Ground Water Management Act which is found at section 46-656 et seq., does, at this time, contain a one quarter of a mill ad valorem tax maximum limit which may be imposed by a natural resource district for the administration of a control area. Section 5 of LB 26 proposes to increase this levying authority of the district to one full mill maximum. Such an increase is not inherently conflicting with section 77-1355.
As an example let us suppose that a natural resource district currently is expending the totality of the receipts from the one quarter of a mill ad valorem tax which may be imposed by a natural resource district under section 46-673. Under section 5 of LB 26 the natural resource district would be allowed to increase its mill levy to one full mill. However, that portion of the natural resource district budget which was supported by ad valorem taxes may not be increased by more than 7% of the previous year's budget or the average increase by percentage for the three preceding budgets. Thus, while LB 26 may authorize an increase in the mill levy to one full mill, the 7% or average increase by percentage for the three previous years' limitation would mandate that less than the full one mill ad valorem tax be levied in order to fund that portion of the budget derived from a mill levy. In other words, where the Legislature may, by the passage of LB 26 authorize a natural resource district to levy a one full mill ad valorem tax, the provisions of section77-1355 would in all likelihood preclude the natural resource district from levying that one full mill levy the first year it attempted to increase its budget.
If in fact the intent of LB 26 is to allow a natural resource district to not only levy a one full mill ad valorem tax but also to expend an increase in its budget by whatever figure results because of the three quarter mill increase, then specific language would have to be included in LB 26 authorizing a district to exceed the budget limitations provided for in section 77-1355.
Special note should also be made of section 77-1356, R.S.Supp., 1978, as amended by LB 1, section 2, Eighty-Fifth Legislature, First Special Session 1978. Section 77-1356 as amended provides that a governing body of a political subdivision may, if it determines that a budget funded from an ad valorem tax higher than is permitted by section 77-1355 is needed, by resolution call for a special election to determine whether the budget increase above the limit permitted by section 77-1355 may be adopted. Therefore, even without further amendments to LB 26, it is possible under the existing statutes to increase a portion of the budget funded by ad valorem taxes beyond the limitations provided for in section77-1355. However, if it is the intent of the Legislature to allow for an increase in that portion of a natural resource district's budget, which is funded by ad valorem taxes without calling for the special election, then the amendment to LB 26 as mentioned above, would be required.
In conclusion, it is our opinion that section 77-1355, as amended, and LB 26 as currently proposed are not necessarily in conflict. However, if it is the desire of the Legislature to allow a natural resource district to increase that portion of its budget funded by ad valorem taxes beyond the limitations placed upon that subdivision by section77-1355 without a special election, then further amendments to LB 26 must be made to provide that a natural resource district could exceed the budget limitations found in section77-1355.